## Henry C. Thayer v. Henry Augustine.

*Sharing profits—Partnership—Finding amount of profits.*

1. Renting a saloon for half the profits of the business does not make the landlord a partner of the tenant.

2. An arrangement for sharing profits may be shown in proof of partnership, but is not conclusive evidence of it.

3. Courts in construing contracts must ascertain and enforce their provisions, not create or abrogate them.

4. The profits of a business are found by taking the gross receipts and the stock on hand at its cost price, less depreciation, and deducting expenditures and debts.

Error to Saginaw. (Gage, J.) Oct. 16.—Oct. 22.

Assumpsit. Defendant brings error. Affirmed.

*W. S. Tennant* for appellant.

*Frank E. Emerick* for appellee.

Sherwood, J.   The plaintiff rented his building in East Saginaw to the defendant for a saloon, agreeing to take as rent therefor one-half of the profits made by the defendant in the business carried on in the building, the same to be paid weekly.   The defendant carried on the business under this arrangement about eleven months, and on refusing to settle with the plaintiff at that time or pay the balance of the rents claimed by the plaintiff to be due him on the contract, plaintiff brought this suit to recover therefor, and on the trial at the circuit before a jury obtained a verdict for $300.   The case is before us for review on error, the bill of exceptions containing all the testimony given in the case.

The principal question presented is, did the agreement for the pay for the use of plaintiff's building constitute the parties partners.   If it did not, then of course the compensation promised, if any accrued under the contract, was to be rent, and the amount thereof depended upon the extent of the profits of the business.

It is evident from the testimony that the parties had no intention of carrying on the saloon business together.   The defendant desired to do that alone, but wanted the plaintiff's building to do it in.   It was from the saloon business that the profits, if any, were expected to arise.   The parties had no mutual interest in the capital invested,—the capital belonged exclusively to the defendant, and there was no stipulation for mutual loss.   It is true the profits, if any, were to be divided; not however as proceeds of a joint venture by the parties, but to ascertain what amount of the proceeds of the individual enterprise carried on by the defendant would indicate the rent to be paid for the use of the building. There is nothing in the contract tending to show the parties understood it as constituting a partnership between them, and this is an action between the parties,—one in which their intention, when ascertained, should prevail.

Sharing profits, while always competent testimony in such cases, is not invariably a test of partnership.   In this case it was a mere arrangement to determine the rental value of the plaintiff's real estate, and the profits are only referred to for

that purpose. The plaintiff had no control whatever over them.

Courts are not called upon when construing contracts, to abrogate or make them for the parties, but when required, to ascertain their provisions and enforce them. It seems quite clear to us that no contract of partnership existed between these parties, and the plaintiff was entitled to pursue the remedy he has to make his claim.

These views dispose of most of the questions raised in the case. It was necessary for the plaintiff to make some showing of the profits of the defendant's business in order to establish his claim and the extent of the same, and we think the testimony offered in that direction and the rulings of the circuit judge relating thereto were all correct.

In determining the profits of the business the court instructed the jury they should first ascertain the gross receipts and the stock on hand at its cost price, less its depreciation, and deduct therefrom the expenditures and the debts. This we think was right, and not subject to the objections taken.

We find no error in the rulings or charge of the circuit judge and

The judgment must be affirmed.

The other Justices concurred.