# Mobile, Jackson & Kansas City R. R. Co. *v.* Louisville & Nashville R. R. Co.

## Bill in Equity for an Injunction.

1. *Right of railroad company to enjoin another railroad company from laying its track along streets of city.*—A railroad which maintains a track along a street in an incorporated city, and owns lands abutting on said streets, can maintain a bill to enjoin another railroad company from constructing its track along said street, and from crossing its right-of-way and track along said street, said second railroad company not being authorized by law so to do.

APPEAL from the Chancery Court of Mobile.

Heard before the HON. THOMAS H. SMITH.

The bill in the case was filed by the appellee, seeking to restrain and enjoin the appellant from laying its track in the City of Mobile in front of the property of the appellee, or upon any part of the right of way of appellee, or from crossing any of the tracks of appellee on Water Street in the City of Mobile, and from laying the track of appellant across certain lots claimed to be owned by appellee in the City of Mobile.

At the hearing on the merits the Chancellor dissolved the injunction and an appeal was taken by the appellee

to the Supreme Court where the cause was reversed and remanded, for the reason that the grant by the City of Mobile to appellant in this cause of the franchise to lay its tracks on Water street was void.

Upon the second hearing the chancellor rendered a decree from which this appeal is taken. The following is a copy of the last decree:

"This cause having been set down to be heard this day came appellant, by its solicitors of record, and said cause having been submitted upon the pleadings and testimony, as noted, and having been considered, it is ordered, adjudged and decreed that the complainant, the Louisville & Nashville Railroad Company, is entitled to the relief prayed for in its original bill of complaint, and that the defendant be perpetually restrained and enjoined from building the railroad track of the defendant, the Mobile, Jackson and Kansas City R. R. Company, upon any part of the right of way of the complainant, the Louisville & Nashville R. R. Company and from crossing any of the tracks of the complainant, the Louisville & Nashville R. R. Company, on Water street in the city of Mobile, and from building any part of the said defendant's tracks on Water street in the city of Mobile within a less distance than eight feet three inches between defendant's rail nearest to the track of the complainant and the rail of complainant's track, and from building any part of said defendant's track within a less distance than three feet between either of its rails and the sidewalk in front of the complainant's property abutting on the part of Water street which is between a point two hundred feet south of Eslava street and the south side of Theatre street; and the defendant, the said Mobile, Jackson & Kansas City R. R. Company, its officers, agents and employees, are hereby further restrained and enjoined from building the track of the said defendant, the Mobile, Jackson & Kansas City R. R. Company, across any part of lots fourteen and fifteen in square number two, or lots four and five in square number three, in the middle Division of the Bernoudy Tract. until said defendant has duly condemned the same by due process of law, and unless and until it shall have paid to com-

plainant proper compensation for the use of said lots for defendant's said right of way."

From this decree .the defendant appeals and assigns the rendition thereof as error.

McINTOSH & RICH, for appellant.—The decree of the Chancellor, cutting off the right of appellant to condemn a crossing over the tracks and right of way of other railroad companies, is in direct conflict with both the constitution and the special enactment cited above.

The right of one railroad to cross another with its tracks after making due compensation can not be questioned.—*Memphis & C. R. R. Co. v. B., S. & T. R. Co.*, 96 Ala. 571. "A railroad company may condemn private property on the line selected in a city before it has obtained the consent of the city to cross intervening streets."—Lewis on Eminent Domain, Sec. 395; *Chicago & W. Ind. R. R. Co. v. Dunbar*, 100 Ill. 110; *Gilbert v. Elevated R. R. Co.*, 70 N. Y. 361.

GREGORY L. SMITH and JOEL W. GOLDSBY, *contra.* This court held that the City of Mobile had no power to adopt the ordinance under which the defendant below sought to build its track; that the evidence established that complainant was an abutting property owner and that the building of the track would materially injure the street .for general use as a street, and that complainant was entitled to enjoin the building thereof.—*L. & N. R. R. Co. v. M. J. & K. C. R. R. Co.*, 124 Ala. 162. Water street has already been appropriated to the use of the public as a street and is no longer private property; having already been appropriated to a public use it cannot be condemned to a different public use without legislative authority.—*Anniston & C. R. R. Co. v. J. G. & A. R. R. Co.*, 82 Ala. 292. And it has been held in this very case that the construction of appellant's track upon Water street would be unlawful and a public nuisance.—*L. & N. R. R. Co. v. M. J. & K. C. R. R. Co.*, 124 Ala. 162.

SIMPSON, J.—The original bill, in this case was filed by the appellee, and sought to enjoin appellant from building its railroad track upon any part of the right of way of appellee and from crossing any of its tracks on Water street in Mobile, and from building said tracks on said Water street within a less distance than eight feet, three inches, from appellee's rail, and from building within a less distance than three feet from the sidewalk abutting on certain lots described as belonging to appellee, and also from building over said lots without condemnation and payment. A preliminary injunction was granted, but, on final hearing, the injunction was dissolved and the bill dismissed. The case having been brought, by appeal to this court, was reversed and remanded.—*L. & N. R. R. Co. v. M. J. & K. C. R. R. Co.* 124 Ala. 162.

The action of this court was based on the rights of appellee, as owner of lots abutting on the streets, to enjoin the erection of a nuisance on the street, it being held that the act incorporating the Port of Mobile, did not confer the authority to grant a franchise of its public streets for railway purposes, consequently that the ordinance attempting to grant said franchise was void and that a railway built on said streets without authority of law was a nuisance. It was consequently declared by this court that "the complainant was entitled to the injunctive relief sought," and the case was reversed and remanded.

The case having been resubmitted by the complainant, the defendant offering no additional evidence, the chancellor granted the relief sought by the original bill, and, in accordance with the former decision of this court.

While the decision of the court must be affirmed, yet, as its wording is liable to be misinterpreted, as suggested by counsel for appellant, we declare its meaning in those particulars to be that the injunction against building the tracks of appellant upon any part of the right of way of appellee, refers only to its right of way on Water street in the city of Mobile. Counsel for appellant object that in authorizing the injunction against appellants cross-

ing the tracks of appellee on Water street, the appellant is deprived of the rights given by the Constitution and statutes of Alabama to condemn a crossing over any other railroad, but it must be remembered that the only crossing sought to be made by appellant, is a crossing which is incidental to its laying its tracks on and along Water street in Mobile, which this court has declared to be a nuisance and subject to injunction on the complaint of appellee. This court does not express any opinion as to the right of a railroad company to condemn a crossing where it has authority to build, as that question is not presented by the record.

Taking the view of the case which we do, it is unnecessary to refer specially and separately to the several assignments of error and objections urged thereto.

Let the judgment of the court be affirmed.

McClellan, C. J., Tyson and Anderson, J.J., concurring.

