## ALLEN v. WAYNE CIRCUIT JUDGE.

1. INJUNCTION—PLEADING—EQUITY PRACTICE.
   Averments on information and belief in a bill to obtain an injunction do not justify the issuance of a preliminary writ.

2. SAME—ORDER TO SHOW CAUSE.
   Such averments are sufficient to obtain an order to show cause and would justify the temporary injunction if supported by proper evidence.

3. SAME—PARTIES—PRELIMINARY INJUNCTION.
   The omission of a necessary party to a suit for an injunction to restrain a municipality from constructing a fire department building on lots which were sold subject to a plan restricting buildings on the street to residences will not prevent the issuance of a temporary injunction.

4. SAME—MUNICIPAL CORPORATIONS — PUBLIC BUILDINGS — REAL PROPERTY—EMINENT DOMAIN.
   Such restrictions are binding upon a municipality as well as an individual, and the rights so obtained by adjoining purchasers must be acquired by purchase or condemnation before a lot subject to such restrictions may be used in violation of their terms.

5. SAME—MANDAMUS—SHOWING FOR TEMPORARY WRIT.
   Mandamus will not lie to compel the issuance of a temporary injunction on a bill sworn to on information and belief, unsupported by positive testimony.

Mandamus by Mark W. Allen and others to compel James O. Murfin, circuit judge of Wayne county, to vacate an order denying a writ of injunction. Submitted December 14, 1909. (Calendar No. 23,723.) Writ denied February 3, 1910.

*Arthur J. Lacy* and *Lucking, Emmons & Helfman,* for relators.

*P. J. M. Hally,* for respondent.

HOOKER, J.    The bill alleges or attempts to allege that. one Hoyt Post, being the owner of 10 lots on Hurlbut avenue in the city of Detroit, announced and advertised the sale of said lots subject to a plan to make said avenue a residence street, with certain restrictions, and that thereby, and by certain valid contracts, which he made to persons who purchased in reliance upon said publication and plan, he subjected all of said lots to its restrictions. The complainants, who profess to be the owners of some of said lots, claiming the right to the performance of said contracts, filed the bill to restrain the city of Detroit from erecting a fire department building on certain of said lots, which the city had purchased or contracted for from Post. A temporary injunction was refused by the circuit judge, and we are asked to compel him by mandamus to allow such writ.

Inasmuch as no demurrer nor answer has been filed, and as the sufficiency of the allegations of the bill do not appear to have been questioned, we shall assume, but not· decide, that it states a sufficient contract as against a private person and in favor of these complainants.    As the same was based upon information and belief, it alone would not have justified the allowance of the writ.    See *Manistique Lumbering Co.* v. *Lovejoy*, 55 Mich. 189 (20 N. W. 899); *Henderson* v. *Reynolds*, 11 L. R. A. (N. S.) 960 (168 Ind. 522, 81 N. E. 494), and cases cited. But on an order to show cause it was sufficient had it been supported by proper evidence.    Again, the fact that Mr. Post was not made a party was unimportant, and should not have prevented the issue of the writ.    If a necessary party, he could have been brought in later.    Moreover, the bill may be amendable in both respects.

The respondent refused to hear proofs upon the further ground that a building restriction could not be enforced against a city, which sought in the exercise of its police power to erect and maintain for the public safety a fire department station on the property.    We are satisfied that a valid building restriction may be binding upon a

city as well as an individual, and, before it can use a lot charged with such restriction for a purpose prohibited by the restriction, it must obtain by purchase or condemnation, the title of all owners of any interest therein, and, when it has not done so, equity may properly intervene to preserve the *status quo* until such interests are acquired, provided the pleading and the evidence supporting the application show a reasonable probability of the validity and justice of complainants' claim. As the bill was verified on information and belief, and there was no proof taken, we cannot issue a mandamus to compel the allowance of an injunction. It will be without prejudice to another application, however, if counsel have confidence that they can allege and prove a valid contract binding upon and enforceable against the city in favor of the complainants, all of which questions will be open on such an application, though not necessarily determined finally thereon.

Writ denied.

MONTGOMERY, C. J., and OSTRANDER, MOORE, and McALVAY, JJ., concurred.