(96 South. 597)

## BIRMINGHAM BELT R. CO. v. CITY OF BIRMINGHAM.  (6 Div. 887.)

(Supreme Court of Alabama.   May 17, 1923.)

**Railroads ⊚⇒79—Bill to compel removal of railway tracks from street defective.**

A bill of complaint by an incorporated city to compel the removal of railroad tracks from a city street which failed to disclose that the tracks in question were laid before the annexation of such of the property on which the street was, or whether such tracks were laid after the adoption of that portion added to Const. 1901, § 22, so as to authorize a revocation of the right ·to maintain such tracks, or whether there had been a legal revocation of the right to maintain such streets, stated no cause of action.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by the City of Birmingham against the Birmingham Belt Railroad Company. From a decree overruling demurrer to the bill, respondent appeals. Reversed, rendered, and remanded.

The bill alleges that prior to 1888 the Elyton Land Company owned a tract of land embracing a part of the site of the present city of Birmingham, including Thirty-Second street; that Elyton Land Company caused said lands to be surveyed and laid off into blocks, lots, streets, avenues, and alleys, for the purpose of selling lots; that before said lots were offered for sale a map and plat of the survey was made, setting forth the locations of the various streets, avenues, and alleys, and sold lots by reference to said map, and thereby dedicated to the public all the streets and avenues shown thereon, including Thirty-Second street; that when said map and plat were made the corporate limits of the city of Birmingham did not extend to Thirty-Second street, but that thereafter, by an act of the Legislature approved August 8, 1907 (Loc. Acts 1907, p. 902), the limits of the city were extended so as to include Thirty-Second street, the portion in question of which street thereafter was wholly within the limits of the city, and has since been recognized by the municipal authorities of the city as a public part, and that the dedication thereof was fully accepted by the municipal authorities of the city.

It is further alleged that on September 14, 1887, the Elyton Land Company executed to the Highland Avenue & Belt Railroad Company a deed to a strip 26 feet wide in the center of Thirty-Second street; that a double track railroad was laid on said strip, after which the grantee operated engines and cars thereover until September 18, 1889, on which date the right and title of said grantee to said strip vested in Elmer E. Whitaker, and that on same date Whitaker executed to respondent a deed to said strip.

---

It is averred that said Thirty-Second street is 80 feet wide from property line to property line; that the customary width of sidewalks to be laid on either side of streets of that width in the city of Birmingham is 15 feet, leaving between the curbs only 50 feet of roadway, 26 feet of the center of which in Thirty-Second street is occupied by said tracks.

It is alleged that after the execution of the conveyance by Whitaker respondent wrongfully and illegally laid an additional track on either side of the 26-foot strip in the center of Thirty-Second street for a distance described, and is maintaining said additional tracks and operating engines and trains thereover, and (upon information and belief) is using the portion in question of Thirty-Second street as a part of its yards to the exclusion of traffic thereon by others; that by reason of such additional tracks substantially the whole of Thirty-Second street, for the distance described, not embraced in said 26-foot strip, has been wrongfully and illegally taken possession of, and is now held by respondent to the exclusion of the public which is entitled to the use thereof.

Paragraph 9 is as follows:

"Orator, without in any manner conceding that respondent acquired, has, or holds any right or title to the 26-foot strip in the center of said Thirty-Second street as against orator, but expressly reserving to itself the right and privilege, in any subsequent proceeding in this or any other court to question, contest, and deny the right or title of respondent in and to said 26-foot strip, but praying no relief in respect thereto by this bill, avers that said two additional tracks, so laid and maintained in said Thirty-Second street between Fifth and Eighth avenues, constitute an unauthorized, wrongful, and illegal obstruction of said street, and constitute and are a public nuisance, which should be removed and abated."

The prayer of the bill is that respondent be enjoined from so holding and occupying any part of the said portion of Thirty-Second street outside of a 26-foot strip in the center thereof, and that respondent be required to remove the tracks constructed on either side of said 26-foot strip.

Respondent demurred to the bill on these grounds, among others:

"(7) For aught that appears from the averments of said bill, this respondent constructed, maintained, and operated its tracks outside its alleged 26-foot right of way in said alleged Thirty-Second street with the acquiescence and assent of the proper and lawful authorities at that time, and that complainant has no right, title, or capacity to object to the maintenance and operation of the said tracks by respondent at this time.

"(11) It affirmatively appears from the averments of paragraph 4 of the bill that the said alleged Thirty-Second street prior to the 8th day of August, 1907, was without the corporate limits of the city of Birmingham, and it does not appear that prior to the said date

the said tracks of the respondent, the maintenance of which the complainant now seeks to enjoin, were not established in the said alleged Thirty-Second street with the acquiescence or consent of the owners of the property abutting the said alleged street, or by the authorities of Jefferson county.

"(12) For aught that appears from the averments of said bill, the respondent's tracks, the maintenance of which complainant now seeks to enjoin, were prior to the 8th day of August, 1907, established and maintained outside the limits of the city of Birmingham, and pursuant to due and lawful right, title, and authority.

"(13) For aught that appears, respondent's tracks in the said alleged Thirty-Second street, the maintenance of which the complainant now seeks to enjoin, were established in or upon a highway in Jefferson county by the respondent, pursuant to and in accordance with the provisions of section 1164 of the Code of Alabama of 1896, now incorporated in section 3493 of the Code of Alabama 1907.

"(14) Although it is averred in paragraph 4 of the said bill that subsequent to the 8th day of August, 1907, and after the incorporation of the alleged Thirty-Second street within the corporate limits of the city of Birmingham, the said Thirty-Second street, between First and Tenth avenues, has been recognized by the municipal authorities of the city of Birmingham as a public street, and the dedication thereof was duly accepted by the municipal authorities of said city, it is not averred or shown that the respondent's tracks, the maintenance of which the complainant now seeks to enjoin, were not laid in the said alleged Thirty-Second street prior to the said 8th day of August, 1907, and under such circumstances as would establish the said tracks in said locality by lawful right and user."

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

If the tracks were built pursuant to lawful authority prior to the incorporation of the territory embracing Thirty-Second street, the city was thereafter powerless to force removal. Cloverdale Homes v. Cloverdale, 182 Ala. 419, 62 South. 712, 47 L. R. A. (N. S.) 607. As long as a street or road remains outside the limits of a municipality, a railroad company has authority to occupy same. Code 1896, § 1164; Code 1886, § 1581; Code 1876, § 1842; Code 1907, § 3493; Perry v. N. O., M. & C. R. Co., 55 Ala. 413, 28 Am. Rep. 740; 33 Cyc. 191; Mobile, etc., Ry. Co. v. Ala. Mid. Ry., 116 Ala. 51, 23 South. 57; Columbus, etc., R. R. v. Witherow, 82 Ala. 190, 3 South. 23.

London, Yancey & Brower, of Birmingham, for appellee.

The unauthorized obstruction of a public street, so as to render it unfit for use by the public, is a public nuisance. Webb v. Demopolis, 95 Ala. 116, 13 South. 289, 21 L. R. A. 62; Reed v. City of Birmingham, 92 Ala. 339, 9 South. 161; Sloss Co. v. Johnson, 147 Ala. 384, 41 South. 907, 8 L. R. A. (N. S.)

226, 119 Am. St. Rep. 89; Troy v. Watkins, 201 Ala. 274, 78 South. 50; Elliott on Roads & Strs. §§ 802, 1090. Dedication of Thirty-Second street to the public was completed by the making of the map and sale of lots thereby. Webb v. Demopolis, 95 Ala. 116, 13 South. 289, 21 L. R. A. 62; 18 C. J. §§ 43, 69, 149. Extension of the city limits was an acceptance of the dedication. Webb v. Demopolis, supra.

ANDERSON, C. J. It may be conceded that the making of the map disclosing Thirty-Second street and the sale of lots thereby was a dedication of said street as a public highway (Webb v. Demopolis, 95 Ala. 116, 13 South. 289, 21 L. R. A. 62), and that the extension of the city limits so as to include this territory was an acceptance of the dedication by the appellee; but, from aught appearing from the bill of complaint, the two extra or outside tracks of the appellant, which appellee seeks to have removed, were laid under the authority of section 3493 of the Code of 1907, with the approval of the county authorities, before the said territory was annexed or became a part of the city of Birmingham, and, if such was the case, the laying of said tracks was lawful, and the same do not therefore create a nuisance. It has been generally held that the property rights of a railroad operating in unincorporated territory and acquired under county authority are not affected by the annexation of such unincorporated territory to an adjoining municipality. Belle v. Glenville, 27 Ohio Cir. Ct. R. 181; Westport v. Mulholland, 159 Mo. 86, 60 S. W. 77, 53 L. R. A. 442; Jersey City R. R. v. Garfield, 68 N. J. Law, 587, 53 Atl. 11; Johnson v. Owensboro R. R., 36 S. W. 8, 18 Ky. Law Rep. 276. See, also, note to our own case of Cloverdale Homes v. Cloverdale, 47 L. R. A. (N. S.) 608 (182 Ala. 419, 62 South. 712). In this last case we held that Noble should not be enjoined from laying his service pipe so as to connect with the gas main upon the evident theory that so long as Cloverdale permitted the gas main to remain under the surface of the street Noble had the right to connect therewith, and that he could do so without interfering with the general use of the street. The opinion does state, however, that the municipality could condemn or cause the removal of the gas pipe or main, upon the evident idea that, even if the county authorities consented to the laying of the same upon or under the county highway, they had no authority to do so, as the pipe in question is not covered by section 3498 of the Code of 1907, while said section does authorize the laying of the tracks in question.

Whether or not the tracks in question were laid before the annexation the bill does not inform us, or whether or not they were laid after the adoption of the added portion of section 22 of the Constitution of 1901, so as to authorize a revocation of the right, and whether or not there has been a legal revocation, even if the right was acquired, the averments of the bill do not inform us. The bill was subject to the respondent's demurrer, grounds 7, 11, 12, 13, and 14, and the trial court erred in overruling same, and the decree of the circuit court is reversed, and one is here rendered sustaining said demurrer, and the cause is remanded.

Reversed, rendered, and remanded.

SOMERVILLE, MILLER, and THOMAS, JJ., concur.