(101 South. 599)

**BIRMINGHAM BELT R. CO. v. CITY OF BIRMINGHAM. (6 Div. 78.)**

(Supreme Court of Alabama. Oct. 16, 1924.)

1. Railroads ⊙➾79—Unauthorized construction in street public nuisance which may be enjoined.

The unauthorized construction of a railroad in a street is a public nuisance which may be enjoined.

2. Railroads ⊙➾75(5)—Continuous use of street for 15 years held not to raise conclusive presumption of grant.

Where railroad tracks were laid in streets of municipality without permission or authority, continuous use and occupation thereof for 15 years, with knowledge and acquiescence of municipality did not raise a conclusive presumption of a grant.

3. Injunction ⊙➾122—Bill held not subject to demurrer by reason of being sworn to by attorney for complainant.

Amended bill for injunction held not subject to demurrer because sworn to by attorney for complainant, that allegations of the bill were true as therein stated.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by the City of Birmingham against the Birmingham Belt Railroad Company. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

Cabaniss, Johnston, Cocke & Cabaniss and Sumner E. Thomas, all of Birmingham, for appellant.

Where a railroad company constructs its tracks on a county highway, which afterward becomes a street in a municipality, and continues in peaceable use of said tracks for more than 15 years, with the knowledge and acquiescence of the municipality, this raises the conclusive presumption of a grant by the county authorities at the time said tracks were constructed. New Castle v. Lake Erie R. Co., 155 Ind. 18, 57 N. E. 516; Chicago I. & L. Ry. Co. v. Johnson, 45 Ind. App. 162, 90 N. E. 507; Santa Rosa R. Co. v. Central St. R. Co., 4 Cal. Unrep. 950, 38 P. 986; Spokane St. Ry. Co. v. City of Spokane Falls, 6 Wash. 521, 33 P. 1072. An injunction will not be granted when the material allegations are made upon information and belief, unless there is annexed to the bill the additional affidavit of the person from whom the information is derived, verifying the truth of the information thus given. Cullman Property Co. v. H. H. Hitt Lbr. Co., 201 Ala. 150, 77 So. 574; Thompson v. Pack (D. C.) 219 F. 624; Farland v. Wood, 35 W. Va. 458, 14 S. E. 140; Clark v. Bankers' Trust Co., 177 App. Div. 627, 164 N. Y. S. 544; Allen v. Wayne, 159 Mich. 612, 124 N. W. 581.

W. J. Wynn and London, Yancey & Brower, all of Birmingham, for appellee.

The unauthorized obstruction of a public street, so as to render it unfit for use by the public is a public nuisance. Webb v. Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62; Reed v. City of Birmingham, 92 Ala. 339, 9 So. 161; Sloss Co. v. Johnston, 147 Ala. 384, 41 So. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285; City of Troy v. Watkins, 201 Ala. 274, 78 So. 50; Elliott on Roads and Streets, §§ 802, 1090; L. & N. v. M., J. & K. C., 124 Ala. 162, 26 So. 895. Neither the statute of limitations, nor the doctrines of staleness, equitable estoppel, or prescription, can be invoked against the right of the city and the public to such street. Webb v. Demopolis, supra.

GARDNER, J. This bill is filed by the city of Birmingham against the Birmingham Belt Railroad Company, seeking the removal of two railroad tracks maintained and used by the respondent, located on the outside of a certain strip 26 feet in width in the center of Thirty-Second street in said city, which said strip is not involved in these proceedings.

That Thirty-Second street has been irrevocably dedicated to the use of the public as a highway, and such dedication accepted by the city, is well established by the averments of the bill, which was so conceded on the former appeal in this cause. Birmingham Belt R. R. Co. v. City of Birmingham, 209 Ala. 501, 96 So. 597. See, also, Stack v. Tenn. Land Co., 209 Ala. 449, 96 So. 355; Smith v. City of Dothan, ante, p. 338, 100 So. 501.

[1] As to these "outside tracks" (to so designate them for convenience), the bill alleges they were wrongfully and illegally constructed and maintained in said street. It is well established that the "unauthorized construction of a railroad in a street is a public nuisance that may be enjoined." L. & N. R. R. Co. v. M., J. & K. C. R. Co., 124 Ala. 162, 26 So. 895.

Upon former appeal the bill was held subject to demurrer for the reason that, from aught appearing therein, these two "outside tracks" were laid under provisions of section 3493 of the Code of 1907, with the approval of the county authorities prior to the annexation of that portion of the street as a part of the city of Birmingham. The bill as amended meets this objection by averring that, as to one of these tracks, it was laid without having secured from the county authorities any right, license, permit, or authority therefor, and as to the other, which seems to have been constructed subsequent to the enlargement of the city limits so as to include this portion of the street, it is alleged that this track was laid without having obtained any "such license, right, permit, or authority from any body, person, or collection of persons authorized by law to give, grant, or issue the same." The bill as amended further avers that these two tracks practically consume the entire street left for vehicular travel, and that substantially the whole of said street between Fifth and Eighth avenues, intended for vehicular traffic other than railroad cars, and not embraced within the 26-foot strip in the center thereof, has been wrongfully and illegally taken possession of, and is now occupied by respondent.

It is therefore insisted by counsel for appellee that in view of these averments, section 3493, supra, is not to be construed as authorizing a use of the street which would exclude the public use thereof, citing 3 Dillon on Municipal Corporations, § 1241; Palatka, etc., R. Co. v. State, 23 Fla. 546, 3 So. 158, 11 Am. St. Rep. 395. But, in view of the express averments of the bill denying such permission under said section, a consideration of this question is not presented.

[2] As we read and understand brief of counsel for appellant, the insistence is that, notwithstanding these tracks were laid without permission or authority, yet the continuous use and occupation thereof for a period of 15 years with the knowledge and acquiescence of the municipality, raises a conclusive presumption of a grant, citing in support thereof New Castle v. Lake Erie R. Co., 155 Ind. 18, 57 N. E. 516; Chicago, etc., R. Co. v. Johnson, 45 Ind. App. 162, 90 N. E. 507; Santa Rosa R. Co. v. Central R. Co., 4 Cal. Unrep. Cas. 950, 38 P. 986.

Whatever may be said as to these authorities, we are of the opinion this insistence is not in accord with the former decisions of this court, which hold, as expressed in headnote 4 to Webb v. City of Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62, as follows:

"A city or town has no alienable interest in the public streets thereof, but holds them in trust for its citizens and the public generally; and neither its acquiescence in an obstruction or private use of a street by a citizen, nor laches in resorting to legal remedies to remove it, nor the statute of limitations, nor the doctrine of equitable estoppel, nor prescription, can defeat the right of the city to maintain a suit in equity to remove the obstruction." See, also, Rudolph v. City of Birmingham, 188 Ala. 620, 65 So. 1006; Reed v. Mayor, etc., 92 Ala. 339, 9 So. 161.

Some of the material averments of the bill as amended are upon information and belief. The bill in this respect meets the form approved by this court. Cullman Property Co. v. H. H. Hitt Lbr. Co., 201 Ala. 150, 77 So. 574; Burgess v. Martin, 111 Ala. 656, 20 So. 506.

[3] The amended bill is sworn to by one of the attorneys of the complainant to the ef-

fect that the allegations of the bill are true as therein stated. The bill in this respect is not subject to demurrer. The authorities relied upon by counsel (Allen v. Wayne, 159 Mich. 612, 124 N. W. 581; Thayer v. Augustine, 55 Mich. 187, 20 N. W. 898, 54 Am. Rep. 361) relate to the propriety of the issuance of the preliminary writ of injunction in the absence of more specific verification, and not to the sufficiency of the bill as here framed. Here, there has been no preliminary injunction issued or sought, and these authorities are therefore without application. 2 High on Injunctions (4th Ed.) § 1569.

We are of the opinion the court below properly ruled in overruling the demurrer to the bill as amended, and the decree will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.