# Hoffman, *et al.* v. Sewell, *et al.*

## Bill to Cancel Decree.

(Decided Nov. 27th, 1906.    42 So. Rep. 556.)

1. *Judgment; Vacation; Remedy.*—One seeking to prevent the execution of a decree because of matters outside of, though related to, the case in which the decree was rendered, should file petition in the pending cause for a restraining order, or a petition to suspend proceedings in the cause upon security given.

2. *Same; Cancellation of Decree; Bill; Sufficiency.*—A bill seeking to set aside a decree and dismiss a suit, which alleges that while the suit was in the hands of the chancellor on submission for decree, complainants sold their interest in the land in controversy to a third person, and that a written agreement for a dismissal of the suit was filed with the register directing him to dismiss the same, is demurrable and wanting in equity, as the register could not dismiss a cause pending before the chancellor on submission for final decree, nor could the conveyance by a party to the suit of their interest in the lands in controversy withdraw the cause from the chancellor's jurisdiction, especially where the assignee of their interest had actual knowledge of the condition.

APPEAL from Elmore Chancery Court.
Heard before HON. W. W. WHITESIDE.

[Hoffman, et al. v. Sewell, et al.]

Bill by N. B. Sewell and others against Frances C. Hoffman and others. From a decree denying a motion to dismiss for want of equity and overruling demurrers to the bill, defendants appeal.

The case made by the bill is that there was a suit pending in the chancery court, wherein appellants were complainants and appellees were respondents, seeking to set aside a tax deed and for an accounting and partition; that pending said suit, and while the same was in the hands of the chancellor on submission in term time for decree in vacation, the appellants here, complainants in said bill, sold all their right, title, and interest in said land to one Peavy, who in turn sold all his right, title, and interest to N. B. Sewell, husband of respondent in the original suit; and that a written agreement was made and entered into dismissing said original suit, and said agreement was filed with the register, with the direction to dismiss said suit. The bill alleges that, notwithstanding this agreement, the complainants in the original suit and their attorneys are proceeding to sell said land in satisfaction of the decree rendered in the cause. The respondents, appeallants here, moved to dismiss the bill for want of equity, and demurred to it upon the following grounds: (1) That the suit sought to be enjoined was one to recover rent, as well as for partition, and that there was a decree for $222.43 against one Annie Sewell, besides costs, as well as for partition, and that the purchase by N. B. Sewell of the complainants' interest in the land did not affect the decree against Annie Sewell, and that N. B. Sewell, if entitled to any relief, could have obtained it by petition in the original suit, which is still pending. The second is like unto the first. (3) That complainants have no right to enforce any promise made to Peavy to dismiss the suit, and, if complainants have any such right, it could have been enforced in the original suit, and not in this suit, to which Peavy is not a party. (4) That Peavy, an outsider, bought pendente lite, and is bound by the decree, and that N. B. Sewell, having purchased from him the interest of complainants in the land only, succeeded only to his rights, and that such rights could and should have been enforced by motion in the original suit. (5)

That the bill is incomplete and improperly framed, in making the records in another suit an exhibit to the bill by mere reference

GUNTER & GUNTER, for appellant.—One suit being pending, any matter calling for relief happening *pendente lite* as to the matter in litigation between the plaintiffs and defendants, can be redressed in that suit, and the same court will not assume jurisdiction of an original bill to enjoin its own decrees.—*Wright v. Phillips*, 56 Ala. 69; *McGlathery v. Richardson*, 129 Ala. 657; *Larkin v. Mason*, 71 Ala. 227; 16 Cyc. 359.

There is an inherent power in every court to prevent abuse of its process before or after final decree.—*Larkin v. Mason*, 71 Ala. 227.

All the plaintiffs must be entitled to recover or none can recover.—16 Cyc. 196-7-8; *Larkin v. Mason*, 71 Ala. 227; *Lovelace v. Hutchinson*, 106 Ala. 417; *Butler v. Gazzam*, 81 Ala. 491.

Every bill must be complete in itself and cannot constitute the record of another suit by mere reference there to a part of the bill.—16 Cyc. 236.

J. A. HOLMES, for appellees.—Counsel discusses assignments of error but cites no authorities.

McCLELLAN, J.—Appeal from a decree denying motion to dismiss for want of equity and overruling demurrers. In our opinion the appellees have mistaken the method of their remedy, which should have been by petition in the pending case, to which they are respondents. Where the object is to prevent the execution of a decree because of matters outside of, though relatd to, the case in which the decree was rendered, the proper method is by petition for a restraining order, or an order to suspend proceedings in the cause, upon security given. —*Wright v. Phillips*, 56 Ala. 69; *McGlathery v. Richardson*, 129 Ala. 657, 29 South. 655. All courts possess the inherent and necessary power to prevent the abuse of their acts and process.—*Larkin v. Mason*, 71 Ala. 227.

The bill in the case at bar makes no case for the cancellation of the decree assailed. Whatever may have

[State, ex rel. Frederick et al. v. Brodie.]

been the effect of the engagement by Hoffman and Mc-Williams with Peavey to dismiss the cause, the failure to accomplish it before rendition of the decree, the cause then being on submission for decree in vacation by consent, cannot avail to annul the solemn judgment of the court. The register was without authority, had he so attempted, to dismiss a pending cause then in the breast of the chancellor. The conveyance to Peavy by Hoffman and McWilliams, quitclaiming their interest in the realty in question had no effect, in and of themselves, to withdraw the cause from the jurisdiction to which it had been committed, and of which committal Peavy had actual knowledge.

It follows, from these considerations, that the motion to dismiss should have been granted. The decree is reversed, and one is here rendered dismissing the bill, without prejudice.

Reversed and rendered.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.