# Lehman-Durr Co. *v.* Folmar, *et al.*

## *Motion for Restitution.*

(Decided Dec. 19, 1907. 45 South. 289.)

1. *Appeal; Reversal; Right to Restitution.*—Restitution is properly awarded against one who acquires possession of land under a decree which is afterwards reversed.

2. *Same; Orders Appealable; Reference.*—Where the right to restitution of land is admitted, and has been granted, after the reversal of a decree under which the land was sold, and a reference is ordered as to the rents, such reference is interlocutory and will not support an appeal.

APPEAL from Montgomery Chancery Court.

Heard before Hon. W. L. PARKS.

Action by the Lehman-Durr Company against George A. Folmar and others. Upon reversal of a decree ordering a sale of certain lands and putting complainant, the purchaser, in possession, the respondents moved for restitution and an accounting of rents. From a decree in favor of petitioners, other than George A. Folmar, for restoration of possession and a reference as to the rents, the Lehman-Durr Company appeals. On motion to dis-

[Lehman-Durr Co. v. Folmar, et al.]

miss. Appeal dismissed in part, and decree affirmed.

This is an appeal from a decree by the chancery court of Montgomery county, rendered October 5, 1906, restoring to appellees, Geo. A. Folmar and others, the possession of certain lands described in the proceedings. It was rendered on a petition for restitution, filed against the Lehman-Durr Company. On February 20, 1902, it appears, a decree was rendered by said court in the case of *Lehman-Durr Company Co. v. Geo. A. Folmar, et al.,* in which said lands were condemned to the satisfaction of complainant's debt, and the lands were ordered to be sold by the register, and in compliance with that decree the lands were sold, and the sale was confirmed on April 13, 1902. At that sale the complainant, Lehman-Durr Company, appellant here, purchased the lands and received a deed therefor from the register, and the purchaser was placed in possession of said lands.

After such sale and conveyance, the respondents in the original bill, and complainants in the cross-bill, Geo. A. Folmar and others, took an appeal to the Supreme Court from said decree, and that court, on the 28th of April, 1906, reversed and annulled said decree, vacated said sale, and remanded the cause to the chancery court for further proceedings therein.

It was further alleged in the petition for restitution that complainant was in possession of the lands since their sale, and had received a large sum, towit, $400, as rents, and had failed and refused to make restitution of the lands or of the rents and profits thereof.

The petition for restitution filed by Geo. A. Folmar, one of the defendants to the original bill, prayed that Lehman-Durr Company be required to make full and complete restitution, and to surrender the possession of the lands referred to in the petition, and to account for

31 R

the reasonable rents and profits thereof, since the date of said sale and the conveyance of the same to it. The other respondents to the original bill, adopted Geo. A. Folmar's motion, so far as it related to the tracts of land described, belonging to them.

A demurrer was interposed by Lehman-Durr Company, appellant here, on many grounds. This demurrer was sustained to said petition as to Geo. A. Folmar, and the petition as to him was dismissed, and as to the other petitioners the decree was that they were entitled to relief. It was further ordered that complainant, Lehman-Durr Company, restore the possession to the petitioners in said petition, other than Geo. A. Folmar, within five days; and that the register hold a reference and ascertain and report what rents had been received by complainant from the several parcels of land referred to in the petition, the taxes paid out by complainant on such lands, and what repairs had been made on the property separately, and when made.

The register, in pursuance of said decree of reference, appointed the 17th day of October, 1906, to hold said reference, and on that day the complainant, Lehman-Durr Company, tendered and offered to file a paper praying an appeal to the Supreme Court from the decretal order of restitution, and also tendered security for costs of appeal.

The register reported that he was prepared to approve the security for costs, but that it was insisted by solicitors for defendants that no appeal would lie from the order of restitution; that the possession of the land involved in the litigation had been surrendered by Lehman-Durr Company to the parties entitled thereto; and that no appeal would lie.

It was agreed that, pursuant to the order of the chancellor, said Lehman-Durr Company delivered possession of said lands to the persons severally entitled thereto, under the decree of said court, and abandoned in favor of such persons all claim or right of possession to said lands under its said purchase, and that if there was any other act conceived to be necessary to be done or performed by it, in order to comply with said order as to the delivery of said lands, it would be complied with on request.

It was agreed that the controversy be narrowed to the rents received for years other than the year 1906, and that the offer signed by the parties delivering and receiving possession, respectively, should be considered by the court when the same should become pertinent.

It next appeared that the chancellor made an order fixing a bond in the sum of $150, to be made by complainant, to supersede the decree of restitution, as a condition for the appeal, which bond, together with a security for costs, was made by complainant.

The appellees, Folmar and others, moved to dismiss the appeal, and appellant moved for a mandamus in case. The motion of appellee to dismiss the appeal was granted.

J. M. CHILTON, for appellant. Appellant has a right of appeal secured by the Constitution and the appeal in this case should not be dismissed.—Sec. 426, Code 1896; *Shelton v. Wade,* 51 Am. Dec. 722; 18 Ency. P. & P. 896; *Reeding v. Taylor,* 6 Dana 226; *Ben-Scotter v. Long,* 167 Pa. St. 395; *Bethea v. The State,* 139 Ala. 505. The principle in the last cited case is identical with that here involved, and differentiates the case of *Ex parte Water Bros.,* 89 Ala. 237. It has been frequently held by this

[Lehman-Durr Co. v. Folmar, et al.]

court that any final adjudication of a claim to the detriment of the party may be reviewed on appeal.—*Weaver v. Cooper,* 73 Ala. 318; *Thornton v. H. A. & B. R. R. Co.,* 94 Ala. 358; *Louisville Mfg. Co. v. Brown,* 101 Ala. 281; *Higley v. White,* 102 Ala. 610. Under the facts in this case the appellant is entitled to mandamus. If it be said that the appeal has been waived by a part performance of the decree, the reply is that the rules of law do not apply to the decrees of courts of equity or courts of probate, even when the complainant is the appellant.— *Phillips v. Toles,* 73 Ala. 403. Although the court sustained demurrer to the petition it proceeded to render a decree in favor of the petitioner and against the demurrant which is clearly error.—*Forrest v. Robinson,* 4 Port. 44. The motion for restitution is the proper remedy.—18 Ency. P. & P. 885 and authorities cited.

GUNTER & GUNTER, and MARTIN & MARTIN, for appellee. The decree attempted to be brought up for review is a mere decree of reference not final, and the appeal should be dismissed.—*Beall v. Lehman-Durr Co.,* 128 Ala. 165; *Tatum v. Yahn,* 130 Ala. 575; *Savage v. Johnson,* 125 Ala. 673; *Kelly v. Horsley,* 41 South. 902. The decree under which the lands were sold and purchased by the appellant having been reversed and the sale vacated by the decision of this court, it was the plain duty of the chancery court to make full and complete restitution.—*Marks v. Cowles,* 61 Ala. 299; *Wright v. Hunt,* 92 Ala. 591; *Ex parte Walter Bros.,* 89 Ala. 237; *U. S. Bank v. Bank of Washington,* 6 Peters, 8; 3 Rose' notes, 213-216; 18 Ency. P. & P., pp. 871-885-6-9.

HARALSON, J.—In *Marks v. Cowles,* 61 Ala. 302, this court said: "The general principle that a judgment

or decree reversed by a competent jurisdiction, ceases to exist as between the parties—in the strong language of some authorities, becomes mere waste paper—and that every right and interest springing out of, and dependent upon it, acquired by the party in whose favor it was rendered, shares its fate and falls with it, has been frequently asserted, and underlies numerous decisions of this court," citing numerous decisions of the court. "* * * Restitution of all advantages the party obtaining the judgment may have acquired by its enforcement, is a consequence of the reversal. The restoration of the parties to the plight and condition in which they were, and prior to the rendition of the judgment, it is the spirit and policy of the law to promote and compel.—3 Bac. Abr. 'Error,' (M), 3, 389'; Freeman on Judgments, § 482. 'On a reversal of the judgment,' said the Supreme Court of the United States, 'the law raises an obligation on the party to the record who has received the benefit of the erroneous judgment to make restitution to the other party for what he has lost.' * * * *Bank of the U. S. v. Bank of Washington.* 6 Pet. (U. S.) 17, 8 L. Ed. 299. The party executes the judgment, of his own election, at his own peril, and must be presumed to intend assuming the duty and liability of restitution, if the judgment proves erroneous, and is subsequently reversed," etc.

In *Ex parte Walter Bros.*, 89 Ala. 237, 7 South. 400, 18 Am. St. Rep. 103, it was held that "money paid under and in obedience to a decree of the chancery court, before the issue of execution, is not paid voluntarily, but under legal compulsion, and the decree being reversed by this court on appeal, the party paying is entitled to have restitution, without waiting for the final determination of the cause." It was further held, in that case, that if the chancellor wrongfully refuses to make an

order requiring the restitution of money paid under a decree which has been reversed on appeal, this court will award a mandamus to compel him to make the order.— *Wright v. Hurt,* 92 Ala. 591, 9 South. 386; 18 Enc. P. & P. p. 871.

Recognizing the force of these principles, the Lehman-Durr Company voluntarily surrendered the lands to the parties entitled, and of this no complaint is made here. It thus admitted its obligation and duty under the order therefor, to make restitution of the possession of the lands which it unlawfully held, and it does not appear that the writ was unlawfully or improvidently issued.

This question out of the way, it may be said, so far as the appeal goes to the reference to ascertain the rents is concerned, that that reference was not a final decree, but interlocutory only, and the appeal on this phase of the case cannot be considered, but must be dimsissed.— *Beall v. Lehman-Durr Co.,* 128 Ala. 166, 29 South. 12; *Savage v. Johnson,* 125 Ala. 673, 28 South. 547; *Tatum v. Yahn,* 130 Ala. 575, 29 South. 201; *Kelly v. Horsely,* 146 Ala. 508, 41 South. 902.

We find no error in the decree of the court below, and it is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.