177 So. 902

**Ex parte ROBERTSON et al.**

8 Div. 833.

Supreme Court of Alabama.

Nov. 18, 1937.

Rehearing Denied Jan. 13, 1938.

J. A. Lusk & Son, of Guntersville, for petitioners.

Street & Bradford, of Guntersville, and Thos. E. Orr, of· Albertville, for respondent.

FOSTER, Justice.

The questions here involved relate to a suit in equity between the parties in which Lytle sued to enforce the equity of redemption of certain lands. It was finally determined by the judgment of this court rendered November 19, 1936, in which the amount due to be paid.to effect redemption was adjudged, and the time in which it was to be paid fixed at December 1, 1936. Lytle v. Robertson, 233 Ala. 161, 170 So. 484.

On January 20, 1937, Lytle filed a petition in the circuit court, alleging that he paid into that court the sum so adjudged; but that in arriving at that amount this court did not allow any credit for a certain large sum collected by Robertson as rent while in possession of the land; that there was nothing before this court showing the receipt of such rents, and that the appeal was sued out to this court before any amount of ' such rents was collected, and was here decreed before all of them were paid; that Lytle is in all good conscience entitled to be paid for the amount so received; that he paid the amount adjudged by this court because of the hazard of delay to seek credit for rents then collected; and that it was impracticable to have this court give him credit for such amount. It then prayed for a decree against Robertson for the amount of . the rents so received. Notice of the petition was served on the attorneys who represented Robertson in the redemption suit. Such attorneys and Robertson separately moved to quash the service.

It appears that Robertson resides in Tennessee and appeared on said petition specially to make the motion to quash and other incidental motions, all embodied in one. The court overruled the motions and ordered Robertson to answer the petition or make other defense in ten days. Thereupon Robertson petitioned this court for a writ of prohibition or other remedial writ commanding the judge of the court to

quash the service and vacate the order commanding an answer to be filed, and that he be prohibited from proceeding further in respect to the matter of said petition.

The question of law which seems to be here controlling is whether the petition of Lytle for restitution may be heard and considered on notice served on the attorneys for Robertson who represented him in the litigation. No special authority is shown, nor is it made to appear that there was an attempt to limit or withdraw such authority as exists by operation of law in such matters. Such authority is probably controlled by Code sections and common-law rules applicable to the situation here shown. 7 Corpus Juris Secundum, 948, Attorney and Client, § 116.

Section 6566, Code, provides that notice in relation to supplemental bills, amendments, decrees, motions, or other proceedings in equity matters may be served on the solicitor of the party. Section 9491, Code, provides that written notice to the attorney of record is effectual as notice to the party. Section 9435, Code, provides that service of process may be effected as to any pending suit by service of his attorney of record unless his appearance is special or limited.

In order to determine whether the attorney here was subject to service so as to bind his client, it is necessary to analyze the proceeding here involved and the power of the circuit court in respect to the matter.

After the appeal was taken, which did not supersede the decree of redemption, possession of the land was awarded Robertson by impounding the rents and paying them to him. This did not appear in the proceedings on appeal. The decree of this court took no account of such rents in fixing the amount necessary to redeem. It prescribed the amount and time in which it was to be paid. Within that time, the amount was paid into court and by it to Robertson through his counsel.

After filing the petition here in question on January 20, 1937, Lytle filed his motion in this court seeking a modification of its decree of affirmance so as to remand the cause to the circuit court for the purpose of taking an account of rents received by Robertson as mortgagee subsequent to taking the appeal. This court on May 27, 1937, denied the motion just referred to without an opinion and left its decree of affirmance fixing the amount and time of redemption as rendered, probably for the reason that it had been performed, and that the circuit court had ample power without a remand. That left undisposed of the petition which had been filed on January 20, 1937, in the circuit court, in equity, on which notice had been served on Robertson's attorney, and which service is here sought to be vacated. The right thereby sought is in essence a restitution to Lytle of what had been taken from him pending the appeal because there was no supersedeas of the decree of the circuit court.

█ While this court might have granted some sort of relief, the fact that it did not modify its decree in that respect so as to order a remand after its judgment had been rendered and performed is not an adjudication against the right of restitution. The general rule is that, when this court reverses a judgment, and pending the appeal property was delivered under the mandate of the judgment from which the appeal was taken, such property should be restored either by order of the appellate court, or of the trial court on motion in the cause or by an independent suit. 5 Corpus Juris Secundum, 1542, 1545, Appeal and Error; 4 Corpus Juris, 1238; Carter v. Mitchell, 225 Ala. 287 (42), 142 So. 514; Lehman-Durr Co. v. Folmar, 154 Ala. 480, 45 So. 289; Ex parte Walter Bros., 89 Ala. 237, 7 So. 400, 18 Am.St.Rep. 103; Carroll v. Draughon, 173 Ala. 338, 56 So. 209.

█ The cases generally refer to a reversal of the judgment as the basis for the writ. But it is not a statutory proceeding, but one worked out by the courts that justice may be done. The courts see that the litigants are not prejudiced by their judgments and decrees. If a judgment on appeal declares a right in one to the property involved in the litigation on conditions prescribed, and the property was taken from his possession under the judgment from which the appeal was taken, when those conditions are complied with, and he becomes thereby entitled to the possession of the property, the same principles of right and inherent power of the court to make restitution should come into being as when the judgment is reversed. The controlling principle is that, when the property was taken from him under orders of the court, and then by other orders he becomes entitled to be repossessed of the

property, the court has the power, and in pursuit of justice will exercise it, to restore possession to him. The authorities are that such restitution may be made by order of the circuit court after the appeal has been disposed of, when appellant becomes entitled to receive such restitution. 5 Corpus Juris Secundum, 1545, Appeal and Error; 4 Corpus Juris, 1238.

In this case, when Lytle paid the full amount due on redemption, not reduced by the rents collected pending appeal under the orders of the court, he was not only entitled to a restoration of the land, but also of the rents· so collected,—Lehman-Durr Co. v. Folmar, supra,—unless some reason to the contrary is made to appear.

This situation is not to be confused with one in which the mortgagee was in possession prior to the judgment and did not obtain such possession under the authority of the decree from which the appeal was taken. If the mortgagor does not prior to such decree have the amount of rents so collected deducted from the mortgage debt, he may be precluded by the decree from doing so later.

Restitution is an incidental supplementary relief which may be provided for in the judgment on which the right depends, or by a separate proceeding after such right comes into being. It inheres in the court to do justice on motion, and is then but a continuation of the same cause. 5 Corpus Juris Secundum, 1535, 1545, Appeal and Error; 33 ·Corpus Juris, 469, note 32; 4 Corpus Juris, 1238; Carroll v. Draughon, supra; Hoffman v. Sewell, 148 Ala. 378, 42 So. 556; Larkin v. Mason, 71 Ala. 227.

It follows that, since Robertson was in court by his general appearance, it embraced all matters within the power of the court to make the judgment·complete. Though notice of the petition was necessary, it could, under the statute, be given his attorney. It was not the institution of an independent suit. But that suit was still pending in a sense in order to enforce a right thus created by it.·

The prayer for writs of prohibition and mandamus is denied.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.