181 So. 775

**METROPOLITAN LIFE INS. CO. v. ESTES.**

6 Div. 244.

Supreme Court of Alabama.

May 19, 1938.

Rehearing Denied June 16, 1938.

[1] 235 Ala. 269.

John T. Batten, of Birmingham, for appellee.

THOMAS, Justice.

Phases of this matter are reported as Metropolitan Life Ins. Co. v. Estes, 228 Ala. 582, 155 So. 79; Estes v. Metropolitan Life Ins. Co., 232 Ala. 656, 169 So. 316.

In the last appeal, it was held, among other things, that in a bill by mortgagee's transferee, seeking to have an equitable mortgage declared, signatures to which were not acknowledged, the mortgagor was

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellant.

296

entitled to $2000.00 exemption out of proceeds of sale of homestead, as against the contention that mortgagor was first required to pay, or offer to pay, indebtedness due transferee, as a condition precedent to the allowance of homestead exemption. Code 1923, § 7913.

The facts on which this appeal are based arose on the trial of the motion by Estes for restitution of this $2,000.00 homestead fund. Appellant's counsel states his question as follows:

"The difficulty of the situation arises by virtue of the fact that the former appeal was taken by Mr. Estes without superseding the decree of sale, and hence the decree of sale was carried out and the sale confirmed during the intervening time between the appeal and the decision of the Supreme Court. The appeal bond was filed by Mr. Estes on November 14, 1935, whereas the decree of sale was carried out and the sale made four days later, on November 18, 1935. The sale was confirmed November 20, 1935.

"Appellant contends that it has already paid to Estes the $2000 ordered to be paid by the Supreme Court, in that it purchased the property at the sale at its full value, and that the entire amount of this purchase price was credited against the judgment rendered in the lower court decree against Estes. If the sale had been held and the purchase made in the light of the Supreme Court decision, $2000 of the purchase price would have been paid in cash to Estes, rather than credited, and the balance of $4500 only would have been credited against the judgment debt. As it was, $6,500, the full purchase price, was credited on the judgment, thus giving Estes the benefit of the full value of the property, and now he is seeking a judgment against appellant for an additional $2000.00 in cash. This would amount to double payment.

"The lower court decree which was affirmed, rendered judgment against Estes for $7854.54 plus $151.80 costs. The decree was carried out and the property sold for its full value of $6500. This left a deficiency of $1354.54 plus costs and plus interest since September 25, 1935."

Estes prevailed in the lower court under his motion for restitution for the sum of $2000 in cash in lieu of homestead. Hence the appeal. It is declared that one who pays money on judgment thereafter reversed is entitled to restitution. Carter v. Mitchell, 225 Ala. 287, 296, 142 So. 514; In re Walter Brothers, 89 Ala. 237, 7 So. 400, 18 Am.St.Rep. 103; High on Receivers, § 178, pp. 211 and 212.

There is stipulation of counsel that the transcript on a former appeal may be referred to in all respects as though actually embraced into and made a part of this transcript. This Court has the right of reference to former transcripts to illustrate pertinent rulings and to take judicial knowledge of such former case in the same proceeding and decisions therein. "This court judicially knows the contents of its own records." Nashville, Chattanooga & St. Louis Railway v. Crosby, 194 Ala. 338, 70 So. 711; Snodgrass v. Snodgrass, 217 Ala. 128, 115 So. 21.; Catts v. Phillips, 217 Ala. 488, 117 So. 34; Ramage, Parks & Co. v. Folmar, County Treasurer et al., 219 Ala. 142, 121 So. 504; Hamrick v. Town of Albertville, 228 Ala. 666, 668, 155 So. 87.

It is urged that there is analogy to be found in the decisions as to bills of review or an original bill in the nature of a bill of review, seeking to vacate a decree for fraud or because of any other circumstance to accord it as being voidable. Sims v. Riggins, 201 Ala. 99, 77 So. 393; Graves v. Brittingham, 209 Ala. 147, 95 So. 542; Cunningham v. Wood, 224 Ala. 288, 140 So. 351; McCall v. McCurdy, 69 Ala. 65.

Appellant further urges that the motion for restitution on the part of appellee was unwarranted in that the $2,000 was never actually paid by Estes to the Metropolitan Life Insurance Company. It is further urged as the law that a party who pays money or is dispossessed of property by process on a judgment or decree, afterwards reversed on appeal, is generally entitled, as a right, to restitution of money or for property taken as that the status quo may be restored with respect to rights and advantages previous to the erroneous judgment. Carroll v. Draughon, 173 Ala. 338, 56 So. 209.

The salient facts that enter into a right decision of the question before us are stated in the decrees of the learned trial judge ordering restitution, the final decree on such motion, the decree denying motion to strike and allowing motion for restitution of July 23, 1937, and the decree denying motion to vacate the former decree rendered in the cause on the 23rd day of July, 1937.

■ The motion for restitution was in the same cause and set up subsequent matters to those dealt with on the former appeal and on which former decree rested. Ex parte Robertson, Ala.Sup., 177 So. 902.[1] The order on such motion was held final and was appealable therefrom. Ex parte Robertson, Ala.Sup., 177 So. 902,[1] declares the fact that though such proceeding is supplementary, it does not affect the finality of the decree so far as these proceedings are concerned. Aiken v. Aiken, 221 Ala. 67, 127 So. 819; Smith v. Smith, 218 Ala. 701, 120 So. 167; Bridges v. Bridges, 227 Ala. 144, 148 So. 816; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Bailes v. Bailes, 220 Ala. 178, 124 So. 215; Ex parte Allan, 220 Ala. 482, 125 So. 612. This is in accord with our earlier cases, defining a final judgment from which an appeal may be taken. De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; Williams v. Knight, 233 Ala. 42, 169 So. 871; Tatum v. Williams, 231 Ala. 269, 164 So. 387; Howell v. Ward, 230 Ala. 379, 161 So. 487.

The same rule is declared in Home Ins. Co. v. Shriner et al., Ala.Sup., 177 So. 897;[2] Whitaker v. Kennamer, 229 Ala. 80, 155 So. 855; Ex parte Lost Creek Coal & Mineral Land Co., 229 Ala. 17, 155 So. 355; Snellings v. Builders' Supply Co., 228 Ala. 47, 152 So. 459; Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60; Webb v. French, 225 Ala. 617, 144 So. 818; Carter v. Mitchell, 225 Ala. 287, 142 So. 514; Rogers v. McLeskey, 225 Ala. 148, 142 So. 526; Mobile County v. Barnes-Creary Supply Co., 224 Ala. 168, 139 So. 270; Hays v. Hays, 225 Ala. 162, 139 So. 246; Purcell v. Sewell, 223 Ala. 73, 134 So. 476; Scholes v. Kibbe, 222 Ala. 587, 133 So. 286; Ex parte Kelly, 221 Ala. 339, 128 So. 443.

The foregoing authorities will illustrate the several characters of judgment, order or decree held final and that will support an appeal. Such is the ruling on the motion for restitution before us.

■ We are not in accord with the view of appellant and the judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

