5 So.2d 466

## CAMPBELL v. STATE.

### 6 Div. 881.

Supreme Court of Alabama.

Dec. 18, 1941.

Rehearing Denied Jan. 22, 1942.

Clifford Emond, of Birmingham, for appellant.

218

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellee.

FOSTER, Justice.

This is a bill in equity filed by the State of Alabama, seeking an injunction for the restraint of defendant from engaging in the business in this State of selling tangible personal property at retail within the meaning of the Sales Tax Act of Alabama (approved February 8, 1939, General Acts 1939, page 16), until he pays the assessment made against him under it. That Act was incorporated in the Code of 1940, Title 51, c. 20, Article 10. The particular feature of it which authorizes a restraining suit is section 777 of that title, which was section XXVIII of the Act of 1939.

The Code of 1940 was not in effect when this suit was begun, but there is no difference between the Act and Code in this

respect. It provides that any taxpayer who shall violate any of the provisions of the Act may be restrained from continuing in business, and the proper prosecution shall be instituted in the name of the State of Alabama by the Attorney General, etc.

Since a court of equity is the only one which has general jurisdiction in respect to injunctions, this bill was filed in equity as for an injunction, and so prayed. There is no other prayer for special relief, but there is a prayer for general relief.

We will consider only those grounds of demurrer which are insisted upon by appellant in argument.

1. The first contention is that there is no foot-note to the bill. While this suit was begun before the Code of 1940 became effective, it was filed after the new rules in equity practice became effective. The latter date was January 1, 1940, as shown by the minutes of this Court. Rule 11 abolishes the requirement for a foot-note. Code 1940, Tit. 7, Appendix.

2. It is next insisted that the bill should be verified and that it is not done in such manner as to satisfy that requirement.

Rule 12 provides that only bills which seek preliminary or interlocutory relief or bills of discovery need be sworn to. This bill prays for a temporary injunction, which is preliminary relief and is of the sort mentioned in Rule 12. But there are two reasons why the demurrer is not well taken. One is that such bill is not rendered subject to demurrer by the failure to verify it, but unless so verified preliminary or interlocutory relief will not be granted. While the bill prays for such relief, the question here is not whether it should be granted, but whether it is subject to demurrer. If complainant does not seek to have the court grant the preliminary or interlocutory relief, the affidavit is unnecessary. If it is sought, then it must be verified by sufficient affidavit. Under the old rule (No. 15), the verification was not limited to those seeking preliminary relief, but a distinction was drawn between the sufficiency of a bill on demurrer and the propriety of the issuance of a preliminary writ without verification. Birmingham Belt R. Co. v. City of Birmingham, 211 Ala. 674, 101 So. 599.

Another reason why it was not thus rendered subject to demurrer is that by section 5644, Code 1923 (Code of 1940, Title 7, section 72), the State was exempt from such requirement. State v. Bley, 162 Ala. 239, 50 So. 263.

3. It is next insisted that an injunction is only incidental to the enforcement of some other equitable right. No authority is cited. Such is not the true theory of an injunction suit. 28 Amer.Jur. 198, section 3.

4. It is also contended that there is too much generality of expression in the bill to be good pleading.

In weighing a bill against such claim, we must look to the purpose sought to be accomplished, and the facts necessary to that relief. The bill here does not seek to collect taxes. It does not seek to enforce a lien. But it seeks to restrain the respondent from continuing to engage in the business of selling tangible personal property at retail in this State, until he shall have complied with the provisions of the State Sales Tax Act as therein set forth. The right to such an injunction is conferred by the features of the Sales Tax Act, to which we have referred.

The particular in which he has violated the Act so as to justify the injunction must be set out with such specific detail as to apprise defendant of its true nature. In this respect the bill goes into detail, by alleging that during certain periods covered by the Act, defendant was engaged in selling at retail personal property in Birmingham under the name of C. P. Campbell Produce Company. Title 51, section 753, Code of 1940. That the State Department of Revenue fixed by proceedings authorized by law upon his returns and set out in detail the amount of his unpaid tax levied by this Act, and alleged that he had not paid it: that execution was issued as provided in section 770 and returned no property found.

Appellant attacks the sufficiency of the allegations in the bill on the ground that they do not give enough detail. But it alleges facts which give the revenue department jurisdiction under the law to make a deficiency assessment and alleges that such assessment was duly made. Considering the purpose of this suit, great particularity of detail in stating the proceedings leading to that assessment is not necessary. The only necessity in that respect in making averment in this bill is to show that defendant has violated the provisions of the Sales Tax Act to such extent as to justify

220

the injunction sought. We doubt not that a persistent failure to pay the tax imposed by the Act without adequate excuse is sufficient, likewise would probably be a persistent failure to make due returns as required by the Act. It is not to be assumed that a final assessment by the State Department of Revenue is always necessary to justify such an injunction. But when the injunction is sought solely for the failure to pay a final assessment, that assessment should be valid under the law. To that end, the bill needs only show such persistent failure. See State v. Allen, 180 Miss. 659, 177 So. 763. We think the bill is not subject to this ground of demurrer.

5. It is next insisted that the only allegation in the bill that defendant has not paid a definite sum on account of the sales tax requirement is the assessment made by the State Department of Revenue, and that the proceedings leading to that assessment are in violation of the due process (section 6), and the jury trial (section 11) clauses of the Constitution of Alabama.

■ The contention is that by the ·Act such assessment constitutes a personal judgment against defendant, and that service of notice by registered·mail does not afford due process leading to such a judgment, and that a jury trial is also guaranteed to that end. Since the Act here in question authorizes execution to issue, Code of 1940, Title 51, section 770, when certain conditions exist, their existence have the force and effect of a judgment. Compare Winston v. Browning, 61 Ala. 80.

■ The legislature had full power under section 139 of the Constitution to confer on the State Department of Revenue the authority to render a personal judgment conformably with other constitutional requirements or to provide that its assessments shall have such force and effect. State Tax Comm. v. Bailey & Noward, 179 Ala. 620, 60 So. 913; State Tax Comm. v. Stanley, 234 Ala. 66, 173 So. 609.

The Act now under consideration requires not less than twenty days' notice by registered mail. Code of 1940, Title 51, section 767; section XVII of the Act of 1939, supra.

■ It has long been held that a personal judgment cannot be rendered in this State against a non-resident without personal service, and that notice by registered mail is not such service. Ex parte Luther, 232 Ala. 518, 168 So. 596, and cases cited. Long v. Clark, 201 Ala. 454, 78 So. 832;

and that notice to the agent of a non-resident individual is likewise insufficient. Woodfin v. Curry, 228 Ala. 436, 153 So. 620.

The authorities generally on this subject refer to Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. That case has recently been modified by the United States Supreme Court so as to justify a personal judgment against a *resident* of the forum who is sojourning in another state and there notified by substituted service, provided such service complies with the law of the forum, and holding that it affords due process if the "substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard." Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 343, 85 L.Ed. 278, 132 A.L.R. 1357. There he was personally served outside the state of the forum. It was held to justify a personal judgment. This is the first time the effect of substituted service has by that court been given such a result as to residents when it would not bind non-residents. This is in accord with what appears to be the modern trend of constitutional interpretation. 12 Amer.Jur. 291.

■ There is a distinction between *substituted* service and *constructive* service in this connection. The former includes the act of leaving the process at the residence or place of business of the party (50 Corpus Juris 490), or of leaving it with an agent or attorney of the party (50 Corpus Juris 494, section 101), or by mailing it to the party (50 Corpus Juris 495, section 102). Service by publication alone is said more accurately to be constructive service, (50 Corpus Juris 490, section 94, note 69); but it is sometimes said to be "a substitute for personal service and gives constructive notice only." 50 Corpus Juris 496, notes 3, 4. But it is said in Milliken v. Meyer, supra, the service should be reasonably calculated to give him actual notice (unless the proceeding is in rem, when constructive notice will suffice).

■ The principle is fully established that when a person is personally before the court in the proceeding either because he himself instituted it, or because he had personal service of the original process in the forum, all action taken thereafter in that proceeding or supplementary to it, may be begun by substituted service. Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305; Ex parte Robertson, 235 Ala. 184, 177 So. 902; Adam v. Saenger,

303 U.S. 59(12), 58 S.Ct. 454, 82 L.Ed. 649. See, also, Code of 1923, section 9491, Code of 1940, Title 7, section 253; Equity Rule 116, Code of 1923, section 6566, Code 1940, Tit. 7, Appendix and section 9431; Code of 1940, Title 7, section 202.

■ The taxpayer instituted this proceeding by making his returns to the State Department of Revenue, and thereby submitted himself personally and generally to its jurisdiction. Howell & Graves v. Curry, Ala.Sup., 5 So.2d 105.[1] Notice of hearings and other matters after acquiring such jurisdiction could be given by substituted service, if sufficient to afford procedural due process. See cases on this subject cited in Ex parte Homewood Dairy Products Co., 241 Ala. 470, 3 So.2d 58.

In State Tax Comm. v. Bailey & Howard, 179 Ala. 620, 60 So. 913, it was said that no doubt the constitutional requirement of due process applies to tax proceedings of which notice is essential, but section 2228 of the Code of 1907 fully meets this requirement by providing thirty days' notice before the assessment is made final. Section 2228, supra, provided for personal notice, or notice left at his dwelling or sent by registered mail. And service by mail for ten days was held sufficient in State Tax Comm. v. Stanley, 234 Ala 66, 173 So. 609.

■ We find here no violation of due process as a consequence of the nature of service on the taxpayer in a proceeding begun by him.

The necessities of this case do not require an extension of the principle of substituted service to justify a personal judgment against a resident taxpayer to other procedural situations.

The contention is also made that since the assessment is in legal effect a personal judgment, the right to a trial by jury should be granted to withstand section 11 of the Constitution of Alabama. We have had occasion recently to review the general principles which apply to such a contention under that constitutional ordinance. Ex parte Homewood Dairy Products Co., supra; Tillery v. Commercial Nat. Bank, 241 Ala. 653, 4 So.2d 125.

On appeal from a tax assessment of property for ad valorem taxes to the circuit court trial by a jury is available. Code of 1940, Title 51, sections 53, 74, 77 and 110. When the appeal is taken from the assessment of a sales tax made by the State Department of Revenue (Code of 1940, Title 51, section 768), it is in all respects as provided in the Code of 1940, Title 51, section 140. Under the latter the appeal is to the circuit court, in equity, without provision for a jury, as are all appeals from the State Department of Revenue. But in no instance has a trial by jury been available on contests before the Tax Board of Equalization or county commission or State Department of Revenue.

■ We are not here concerned with the question of whether on an appeal under section 768 (as in section 140), supra, the taxpayer should be accorded a jury trial on any constitutional ground, because no such appeal was taken. If on that appeal, appellant has the constitutional right to a jury trial, it would be granted though the statute does not provide for a jury on such trial, since it does not prohibit a jury trial. The court will obey the constitutional mandate and grant a jury, rather than knock down an act because it does not expressly provide for a jury, if it does not prohibit one and the Constitution guarantees it. Montgomery St. Ry. Co. v. Sayre, 72 Ala. 443. Compare Tillery v. Commercial Nat. Bank, supra, at page 128 of 4 So.2d [11 and 12].

We leave out of consideration any such question because no appeal was taken, and those provisions of law do not expressly prohibit or grant a trial by jury, whereas appeals in some other proceedings do now so provide.

In State v. Bley, 162 Ala. 239, 50 So. 263, it was held that neither due process nor the right of trial by jury required the grant to a taxpayer of the right to appeal to a court to have an assessment reviewed by it. Compare, 35 Corpus Juris 185, section 79. The county commission then sat as a board of adjustment and equalization, and as such had judicial power which it was held satisfied the Constitution. No appeal by the taxpayer was then allowed. But the proceeding was upheld on attack as for violating due process and jury trial rights.

■ The question is not concluded by the fact that a final assessment of a sales tax against the taxpayer is in legal effect a personal judgment. Since there was no legal right to a jury trial in tax assessment proceedings before boards and commissions when the Constitution was adopted,

---

[1] Ante, p. 122.

containing section 11, the right to a jury trial so guaranteed never operated in such proceedings. It was in the province of the legislature to make such a final assessment operate as a personal judgment without violating section 11, supra, or the due process clause, section 6, when sufficient notice is required and a full hearing authorized.

As for any ground of demurrer which has been argued on this appeal, and as we have discussed, we find no reversible error in overruling the demurrer.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.