22 So.2d 424

## WILLINGHAM v. STARNES et al.

### 7 Div. 824.

Supreme Court of Alabama.
May 31, 1945.

Earl McBee and D. G. Ewing, both of Birmingham, for appellant.

W. T. Starnes, of Pell City, and Hood, Inzer, Martin & Suttle, of Gadsden, for appellees.

32

**FOSTER, Justice.**

Pending the administration in equity of the estate of Mrs. Mattie F. Abbott, deceased, a claim was filed by Mrs. Nena J. Willingham personally against the estate, consisting of several items. An objection to it was filed by the administrator of the estate, and later by the administrator ad litem, and also by the Coosa Valley Baptist Church, said to be "one of the legatees and distributees under the last will and testament of Mattie F. Abbott, deceased." On hearing the claim and the testimony, the court disallowed it in its entirety, and claimant took an appeal within thirty days.

Appellee insists that the decree is an interlocutory order and not appealable as a final decree, and that section 216, Title 61, Code, as amended by Acts 1943, p. 308, does not apply because it is contended that the proceeding was not conducted under that statute, citing Willingham v. Hood, 242 Ala. 686, 8 So.2d 181. But that was not an appeal from the decree finally disposing of the claim, but from a decree overruling a demurrer to the petition.

In the instant proceeding, the decree finally disposed of the petition. It was therefore a final decree and appealable. Coker v. Coker, 208 Ala. 239, 94 So. 308; Carter v. Mitchell, 225 Ala. 287(20), 142 So. 514; Rome & Decatur R. Co. v. Sibert, 97 Ala. 393, 12 So. 69; Metropolitan Life Ins. Co. v. Estes, 236 Ala. 294, 181 So.

775, and cases there cited. This is so regardless of the appeal provided in section 216, Title 61, supra, as amended. It is true, as observed in Tillery v. Commercial National Bank, 241 Ala. 653(9), 4 So.2d 125, that a court of equity in which an administration is pending does not need such a statute to confer on that court power to hear and determine a claim, but that statute has put certain limitations on the proceeding, which it may, and restricted the time of taking an appeal. While an interested party may perhaps object to a claim in such a court of equity, when its allowance would affect his financial standing in the estate, we think section 216, supra, as amended, though it names only the personal representative as the party who may object, was intended to apply to all such hearings in equity though filed by some other interested person. Here the administrator objected and also an interested person objected. A different rule was not intended to apply to them separately. It is not material that the objection and notice as provided in section 216, supra, was not literally observed. The proceeding is controlled by that statute. The appeal was properly taken in thirty days after the decree. See, Hyde v. Starnes, Adm'r ad litem, ante, p. 26, 22 So.2d 421.

J. H. Willingham, deceased, the husband of claimant, appellant here, and Mrs. Abbott, deceased, were brother and sister, and were partners in business under the name and style of J. H. Willingham and Company. Willingham died first. Later Mrs. Abbott was stricken with paralysis and for several years was physically handicapped, and then died. Mrs. Willingham has filed the claim here in question, and it was contested as provided in section 216, Title 61, supra. It consists of five items separately listed. The trial court did not refer the matter to the register, but merely appointed a commissioner, who was the court reporter, to take and certify the evidence. Under the statute as now set up a trial by jury could have been demanded. But that was not done.

Upon such a review where the situation is similar to reviewing exceptions to the register's report, we will look to the briefs to supply the references to the evidence for and against the respective contentions. This is required by Rule 10 of Supreme Court Practice, Code 1940, Tit. 7 Appendix and applied to this situation. Stanley v. Beck, 242 Ala. 574, 7 So.2d 276.

### Item Number One.

█ This is a claim for $154.57, as an amount of tax as paid by claimant on the property of decedent in her lifetime. As to this, claimant cannot testify in respect to any conversation or other transaction with decedent. So that much of her testimony is incompetent. But her claim (page 140 of the record) is that she arranged a loan at the bank for J. H. Willingham and Company, and placed it to their deposit account, and used it to pay the taxes in question, and that she repaid the loan to the bank with her own money.

Strictly speaking, that would make Mrs. Abbott owe the partnership, and the partnership owe claimant; but Mrs. Abbott was a member of the partnership and as such owed its debts. Moreover, it was only a method employed by claimant which she set up to pay Mrs. Abbott's taxes. We see no reason why this is not a valid claim against the estate.

### Item Number Two.

█ This is a claim for $400 alleged to have been loaned to decedent by claimant. A check for that amount is in evidence. And although no note or memorandum of an indebtedness is otherwise shown, the fact of the loan was sustained by the evidence of R. W. Willingham, a brother of Mrs. Abbott (record pages 36 to 39), and by his wife (record pages 41 to 43), and there was none to the contrary. It should have been allowed.

### Item Number Three.

██ This is a claim for $625 relating to the Eddie Garry mortgage. Claimant testified that the money was borrowed by her and her husband, J. H. Willingham, and used by him in paying for a hearse for the partnership. It was deposited in the bank to the credit of the partnership. The mortgage was upon the property whose title was in J. H. Willingham, but it was said to have been paid for by check against the funds of the partnership. Mrs. Garry testified that she made the loan to J. H. Willingham and paid him the amount of it, but it was repaid to her by check of this claimant. Under those circumstances the obligation of the partnership was to J. H. Willingham, who was a member of it. After his death and the affliction of Mrs. Abbott, the latter sold her interest in the tangible assets, and this claimant had much to do with settling up its affairs, collecting and paying obligations with the approval of Mrs. Abbott. But that in no respect shows that the respective interests of the partners had been settled between themselves. While claimant may have completed her duty as their agent in collecting the accounts and paying the debts, and may have paid out all the money she collected, as she says she did, there is nothing to show that J. H. Willingham and Mrs. Abbott, or their representatives, as such partners, had struck a balance and ascertained their mutual financial status each to the other. A probate court cannot on such hearing make an adjustment of that sort, for equity only may do so. Chandler v. Wynne, 85 Ala. 301, 4 So. 653. This case is in equity. But this claim is not filed by the personal representative of J. H. Willingham seeking the establishment of the balance which the court may find exists as owing by Mrs. Abbott to him on a settlement of the partnership. But the fact is that J. H. Willingham obtained a loan from Mrs. Garry, and used it in the partnership, and that claimant herself repaid Mrs. Garry. That makes J. H. Willingham her debtor and the partnership is not, although the item may properly be a credit for his benefit on the settlement between his estate and Mrs. Abbott. But this claimant personally and individually may not assert it. And if there were a settlement between the two estates a balance struck resulting in the Abbott estate owing the J. H. Willingham estate, she personally is not the proper claimant to it. Moreover, the claim would not be on account of the Garry transaction, but on the final summation of all transactions.

█ The fact that J. H. Willingham made a will devising all his property to this claimant does not alone give her individually a right to have in equity a settlement of the partnership. And though she is qualified as his executrix named in his will, she does not make claim as such on this account.

But we think it advisable to reverse the decree in its entirety including the judgment insofar as it affects this claim, so as to enable the claimant to amend some of her claim so as to be in her representative capacity and seek a settlement between J. H. Willingham's estate and Mrs. Abbott's estate on account of the partnership.

### Item Number Four.

█ This seems to be for approximately one-half of the balance of a note for

borrowed money made by Mrs. Abbott for the use of the partnership, and which balance was paid by the partnership with funds deposited to its account, but which belonged to J. H. Willingham personally. There is nothing in that situation which justifies claimant personally to make claim against Mrs. Abbott. She has not made such claim as executrix of his estate.

### Item Number Five.

This is based upon the contention of claimant that she paid $125 in discharge of an indebtedness of the partnership, and that Mrs. Abbott's estate owes her one-half of it, and the estate of J. H. Willingham owes her one-half. The partnership had then been dissolved by the death of J. H. Willingham, and on account of the disability of Mrs. Abbott, and by her consent, claimant as the widow of J. H. Willingham had been collecting claims due the partnership and paying its bills. She testified she had so used all the funds that she had collected, and in paying this bill she had no funds of the late partnership. She had ample evidence of its payment by her personally. It seems to be proper claim.

The judgment denied the claim as a whole, which includes all the items, and as an entirety is reversed and the cause remanded, with leave granted to claimant to amend her claim as she sees fit, and for another trial and hearing in accordance with the views we have expressed.

Reversed and remanded.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.