133 So.2d 252

**R. M. MacLAURIN, Guardian,**

v.

**R. G. KILGORE, Sr.**

6 Div. 663.

Supreme Court of Alabama.

Sept. 21, 1961.

Curtis, Maddox & MacLaurin, Jasper, for appellant.

Bevill & Bevill, Jasper, for appellee.

STAKELY, Justice.

On October 10, 1960 in the estate of Robert G. Kilgore, Jr., deceased, the Circuit Court of Walker County, in Equity, held valid a claim in the amount of $1,032.70 filed against the estate by Robert Grady Kilgore, Sr. This matter was submitted for final decree on the sworn claim of Robert Grady Kilgore, Sr., against the aforesaid estate, and the denial of the claim by R. M. MacLaurin as guardian of the estate of Dana Long Kilgore, a minor. The court in the aforesaid decree directed that T. Julian Skinner, Jr., as executor of the estate of Robert G. Kilgore, Jr., deceased, pay the aforesaid sum of $1,032.70 from the funds of the estate of Robert G. Kilgore, Jr., deceased, to Robert Grady Kilgore, Sr. in accordance with the laws of Alabama.

I. An appeal was taken to this court from the aforesaid decree on November 29, 1960. On January 31, 1961 the appellant filed a motion for an extension of time to file a transcript and the following order was entered by the court, "That the time for filing the transcript in the Supreme Court be and the same is extended for a period of thirty days, which extended period shall end on the 30th day from the date of which the time allowable for filing the said transcript in the Supreme Court would have expired had this order not been entered."

The transcript was filed in this court on February 27, 1961.

In accordance with Supreme Court Rule 37, as amended (263 Ala. XXI, 1957 Red ·Supplement to the Code of Alabama, p. 107), the court made its order granting the extension within the additional 30 day period allowed by the rule and the transcript was filed in this court within 90 days from the taking of the appeal. We, there-

fore, must deny the motion to strike the transcript and to dismiss the appeal on the grounds here discussed since there was compliance with Supreme Court Rule 37, as amended.

■ II. The appellee in the motion to dismiss the appeal also takes the position that the appeal from the aforesaid decree was taken on November 29, 1960, more than 30 days after the date of the decree and is therefore in conflict with § 216, Title 61, Code of 1940, as amended. Section 216 provides that the appeal must be taken within 30 days.

Upon analysis we think that this position of the appellee is well taken. It is true that Dana Long Kilgore was the sole and only heir at law of the deceased Robert G. Kilgore, Jr. It further affirmatively appears that Dana Long Kilgore, daughter of the deceased Robert G. Kilgore, Jr., was the sole beneficiary under the will of Robert G. Kilgore, Jr., deceased. It further appears that R. M. MacLaurin as guardian of Dana Long Kilgore, a minor, denied the validity of the claim of Robert G. Kilgore, Sr., and filed a written denial demanding strict proof of the claim as required by law. Under the circumstances the case falls within the provisions of § 216, Title 61, Code of 1940. This court has held that though § 216, as amended, names only the personal representative as the party who may object it was intended to apply to all such hearings in equity though filed by some other interested person. Willingham v. Starnes, et al., 247 Ala. 30, 22 So.2d 424. It has also been held that an appeal must be taken within 30 days after the decree. Willingham v. Starnes, et al., supra.

It results that we have no alternative but to dismiss the appeal.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.