THOMPSON, Judge.
On May 22, 2001, the State of Alabama (hereinafter “the State”) filed an action against Charles Lewis d/b/a Big Boys Automotive (hereinafter “Lewis”) seeking, pursuant to § 40-23-27, Ala.Code 1975, a preliminary injunction restraining Lewis from operating his business until he paid his delinquent Alabama’s sales-tax liability.[1]
On July 19, 2001, the trial court held a hearing in its chambers on the State’s complaint.[2] At the time of that hearing, Lewis had not been served with a summons or with the State’s complaint in the action. However, the record indicates that Lewis was aware of the hearing and that he appeared at the hearing to object to the proceedings based on the insufficiency of service of process; the trial court overruled Lewis’s objection. The record indicates that following questioning by the trial court, Lewis admitted he had not paid the necessary taxes under Alabama’s sales and use tax laws. See § 40-23-1 et seq., Ala.Code 1975. According to the record, Lewis made a settlement offer to the State in exchange for the State’s withdrawal of its request for an injunction. The State refused Lewis’s settlement offer.
On September 25, 2001, the trial court entered an order purporting to grant the State’s request for an injunction, but suspending the effectiveness of the order during the period in which Lewis strictly adhered to his settlement offer. The trial court’s September 25, 2001, order incorporated the terms of Lewis’s settlement offer. Pursuant to the trial court’s September 25, 2001, order, Lewis was required to pay the State $200 per month, in addition to his current sales-tax liability, until the deficient sales-tax liability was paid in full. *83 That order provides that Lewis’s failure to strictly comply with the order will cause the injunction to become immediately effective. The State appealed.[3]
The trial court’s September 25, 2001, order states, in pertinent part:
“The State of Alabama is hereby enjoined from taking any collection actions against [Lewis] concerning any taxes whether mentioned in the Complaint filed in this matter or not, so long as [Lewis] has not violated any part of the [settlement] agreement. Specifically and without limitation, the State of Alabama is hereby enjoined from execution on property owned by [Lewis], filing hens against property owned by [Lewis] or taking any other actions to collect any taxes owned by [Lewis] to the [State] whether determined at this time or not.”
On appeal, the State argues that the trial court erred in entering its September 25, 2001, order because, it argues, the trial court lacked jurisdiction to enjoin the State from performing a governmental function on an admitted and legally enforceable debt owed the State by Lewis. In support of its assertion, the State cites State v. Maddox Tractor & Equipment Co., 260 Ala. 136, 69 So.2d 426 (1953). In Maddox Tractor, the Alabama Department of Revenue (hereinafter “the Department”) advised a tractor company that it was to collect a one-half of one percent sales tax on tractor-drawn equipment when that equipment was sold as a unit with a tractor. Two years later, the Department changed its position and determined that a two-percent tax should have been assessed. Following its change in position, the Department attempted to assess and collect the tax for the previous period. The trial court estopped the State from collecting the allegedly underpaid taxes. The Supreme Court of Alabama reversed the decision of the trial court. Maddox Tractor, supra. According to the court, “the doctrine of estoppel cannot be applied against the State acting in its governmental capacity in the collection of taxes duly levied by the legislature of the State.” Maddox Tractor, 260 Ala. at 140, 69 So.2d at 430.
The facts of Maddox Tractor are distinguishable from the facts of this case. In Maddox Tractor, the taxpayer sought to be excused from its sales-tax liability for the additional tax the Department assessed. In this case, Lewis does not deny liability for the unpaid sales tax, nor does he seek to be excused from that liability. The trial court’s September 25, 2001, order precludes the state from pursuing any collection actions against Lewis so long as Lewis is paying his current sales-tax liability and the delinquent sales-tax liability pursuant to the payment schedule set forth in the trial court’s order. Alabama law is clear that the State is acting in its governmental capacity when it assesses and collects taxes, and, thus, it cannot be es-topped from enforcing those taxes. See Maddox Tractor, supra. See also State v. Norman Tie & Lumber Co., 393 So.2d 1022 (Ala.Civ.App.1981); State v. Hunt Oil Co., 49 Ala.App. 445, 273 So.2d 207 (Ala.Civ.App.1972). The trial court’s September 25, 2001, order does not release, postpone, or in any way diminish Lewis’s sales-tax liability. See Maddox Tractor, supra. Rather, Lewis is required to pay the full amount of the deficiency in scheduled payments set forth in the trial court’s September 25, 2001, order. Further, the trial court’s September 25, 2001, order does not estop the State from collecting the past-due taxes; rather, it restricts the manner in which the State may collect the tax. *84 Therefore, we do not agree with the State’s assertion that the trial court lacked jurisdiction to enter an order.
On appeal, the State also asserts that the payment schedule set forth in the trial court’s September 25, 2001, order is an installment-payment plan, and that, pursuant to § 40-2A-4(b)(6), Ala.Code 1975, the trial court did not have jurisdiction to allow Lewis to pay his taxes pursuant to an installment-payment plan over the State’s objection. Section 40-2A-4(b)(6), Ala.Code 1975, related to installment payments, stateb:
“a. The commissioner is authorized to enter into written agreements to allow any taxpayer to pay any tax in installment payments if the commissioner determines that such agreement will facilitate collection of such tax. Notwithstanding the preceding sentence, such agreements shall be entered into only regarding a tax that has been finally assessed by the department and not appealed, and such agreements shall not extend for a period exceeding twelve months, provided, that any such agreement may be renewed at the discretion of the commissioner for succeeding periods not to exceed twelve months. The commissioner shall only be authorized to enter such an agreement with regard to a tax administered or collected by the department.
“b. The commissioner may terminate, alter, or modify any agreement entered into hereunder if:
“1. Information provided by the taxpayer to the commissioner prior to the date of such agreement was inaccurate or incomplete;
“2. The taxpayer fails to pay any installment at the time such installment payment is due under such agreement;
“3. The taxpayer fails to pay any other tax liability due the department at the time such liability is due, unless the taxpayer has appealed such other liability pursuant to the terms of this chapter;
“4. The financial condition of the taxpayer has significantly changed;
“5. The taxpayer fails to provide a financial condition update as requested by the commissioner; or
“6. The commissioner believes that collection of any tax to which an agreement under this provision relates is in jeopardy.
“c. The commissioner shall have sole authority or discretion to enter into or amend, modify, or terminate any installment payment agreement provided for herein. The commissioner shall promulgate regulations necessary for the implementation of this provision.”
(Emphasis added.) Section 40-2A-3(4), Ala.Code 1975, defines “commissioner” as “[tjhe commissioner of the department [of revenue] or his or her delegate.” Further, § 40-2A-2(2) states that “[t]he provisions contained herein shall govern all matters administered by the department except as otherwise provided by law or by agreement entered into pursuant to lawful authority.” (Emphasis added.)
The trial court’s September 25, 2001, order requires Lewis to make monthly payments to eliminate his deficient sales-tax liability. The record on appeal indicates that the payment schedule set forth in the trial court’s September 25, 2001, order extends Lewis’s payments over a period of three years. Therefore, this court concludes that the trial court’s September 25, 2001, order establishes an installment-payment plan for Lewis to pay his deficient sales-tax liability. Pursuant to § 40-2A-4(b)(6)(c), Ala.Code 1975, the commissioner of the department of reve *85 nue has the sole authority to enter into an installment-payment agreement related to a taxpayer’s Alabama sales-and-use-tax liability. Further, § 40-2A-4(b)(6)(a), Ala. Code 1975, limits the duration of installment-payment agreements related to a taxpayer’s sales-and-use-tax liability to 12 months.[4] The Alabama Legislature has seen fit to place the authority to enter into installment-payment agreements related to tax liabilities with the Commissioner of Revenue. Therefore, we conclude that the trial court lacked the authority to force the State to agree to an installment-payment agreement with Lewis. See § 40-2A-4(b)(6)(c), Ala.Code 1975; see also State v. Leary & Owens Equip. Co., 54 Ala.App. 49, 54, 304 So.2d 604, 609 (1974). Further, the duration of trial court’s installment-payment schedule exceeds the period permitted under § 40-2A-4(b)(6)(a), Ala.Code 1975. We conclude that the trial court erred in creating an installment-payment agreement between Lewis and the State in its September 25, 2001, order.
The State also asserts that the trial court erred in failing to grant the State’s requested statutory injunction. Pursuant to § 40-23-27, Ala. Code 1975,
“Any taxpayer who shall violate any of the provisions of this division may be restrained from continuing in business, and the proper prosecution shall be instituted in the name of the State of Alabama by its Attorney General, by the counsel of the Department of Revenue or under their direction by any district attorney of the state until such person shall have complied with the provisions of this division.”
In Campbell v. State, 242 Ala. 215, 5 So.2d 466 (1941), the State sought an injunction restraining Campbell from operating his business until he paid his delinquent sales-tax liability. The Supreme Court of Alabama, in applying a previous version of § 40-23-27, Ala.Code 1975,[5] held:
“The only necessity in that respect in making averment in this bill is to show that defendant has violated the provisions of the Sales Tax Act to such extent as to justify the injunction sought. We doubt not that a persistent failure to pay the tax imposed by the Act without adequate excuse is sufficient, likewise would probably be a persistent failure to make due returns as required by the Act. It is not to be assumed that a final assessment by the State Department of Revenue is always necessary to justify such an injunction. But when the injunction is sought solely for the failure to pay a final assessment, that assessment should be valid under the law. To that end, the bill needs only show such persistent failure.”
Campbell v. State, 242 Ala. at 219-20, 5 So.2d at 470 (1941).
The record indicates that Lewis admitted that he had not paid the sales-tax liability. The record does not indicate that Lewis demonstrated any reason to justify his failure to pay the tax.[6] It is undisput *86 ed that Lewis failed to pay his sales-tax liability when it was due; thus, the State was entitled to an injunction restraining Lewis from operating his business until he paid his delinquent sales-tax liability and complied with the requirements of the sales and use tax laws. See Campbell, supra. Therefore, we conclude that the trial court erred in failing to enjoin Lewis from operating his business until he paid his delinquent sales-tax liability. See § 40-23-27, Ala.Code 1975; Campbell, supra.
The trial court’s judgment is reversed, and the cause is remanded for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.

. The record indicates that Lewis did not respond to the State’s complaint.

. No record was made of the trial court's July 19, 2001, hearing.

. Lewis did not file a brief on appeal.

. Pursuant to § 40-4A-4(b)(6)(a), Ala.Code 1975, the commissioner, in his discretion, may renew the original installment-payment agreement for succeeding periods, but each renewal period may not exceed 12 months.

. The provision interpreted by the court in Campbell is materially the same as the current provision. Title 51, c. 20, Article 10, Ala.Code 1940, provided that any taxpayer who violated the provisions of the sales tax act "may be restrained from continuing in business, and the proper prosecution shall be instituted in the name of the State of Alabama by the Attorney General, etc.” Campbell, 242 Ala. at 219, 5 So.2d at 469.

.Further, Lewis did not file a brief with the trial court or on appeal. Thus, this court is unable to determine if Lewis asserted that *86 some part of the record on appeal supported his failure to pay the tax.